UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAR ALGHAZOULI,<br><br>　　　　Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　Respondents. | Civil No. 08cv1571 JAH<br>Criminal Case No. 05cr1148 JAH<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On February 5, 2009, this Court denied Petitioner's motion to vacate his conviction for conspiracy to launder money under 28 U.S.C § 2255. On February 27, 2009, petitioner filed a notice of appeal of the Court's order. Although petitioner does not expressly seek a certificate of appealability, this Court *sua sponte* considers whether a certificate of appealability should be granted. *See* Fed.R.App.P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997)("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for certificate).

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).Petitioner seeks to appeal this court's order denying

1  his section 2255 motion.

2      In the motion Petitioner argued his money laundering conviction should be vacated
3  under U.S. v. Santos 128 S.Ct. 2020 (2008), because the jury received no instruction as to the
4  meaning of "proceeds" in the money laundering statute.  Respondent argued the law of the case
5  prevented the Court from deciding the issue because the Ninth Circuit Court of Appeals ruled
6  on the issue in Petitioner's direct appeal.

7      This Court found that the Ninth Circuit rejected petitioner's argument based on Santos
8  when it denied the motion to recall the mandate.  The Court also found that there was no
9  intervening change in the law or other grounds to support departing from the Ninth Circuit's
10 decision.  As such the Court determined it was precluded from ruling on the issue and denied
11 the motion.  This Court's finding that the Ninth Circuit rejected petitioner's argument
12 regarding Santos when it denied the motion to recall the mandate, and no grounds existed to
13 depart from the law of the case, are not debatable among jurists of reason nor could any other
14 court reasonably resolve the issues in a different manner. *See* Lambright 220 F.3d at 1024 - 25.

15     Accordingly this Court **DENIES** a certificate of appeal as to the claim presented in the
16 motion to vacate under section 2255.

18 DATED: March 16, 2009

20     JOHN A. HOUSTON
    United States District Judge